UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:14-cv-80870-KAM

STEVEN BARON,

    Plaintiff,
v.

NORTHLAKE CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff's Motion for Partial Summary Judgment. (DE 21). The motion is ripe for review. For the following reasons, the Court concludes that the motion should be denied.

**I. Background[1]**

This is an action under the Fair Housing Act (FHA) (42 U.S.C. §§ 3601-3619) and the Florida Fair Housing Act (FFHA) (Fla. Stat. §§ 760.20-760.37) for a permanent injunction requiring Defendant to exempt Plaintiff's emotional support animal from Defendant's no-pet rule, for compensatory and punitive damages, and for attorneys' fees and costs. (DE 1).

Plaintiff Steven Baron owns a unit in the Northlake Condominium Community, where he resides. (DE 21 at 1-4 [hereinafter "SOF"] ¶ 1). Plaintiff has a history of suffering from psychiatric conditions, including mood disorders. (Id. ¶ 2). According to Plaintiff, medical care professionals advised him that an emotional support animal would alleviate his symptoms. (Id. ¶

---

[1] The following factual background comes from the pleadings and the undisputed, supported, material facts in the record.

3; DE 21-1 ¶ 3).  Following that advice, Plaintiff obtained an emotional support animal that, according to Plaintiff, alleviated his symptoms by making it possible to cope with his psychological disabilities.  (SOF ¶ 3; DE 21-1 ¶ 3).

Defendant Northlake Condominium Association, Inc. has a "no-pet" rule at Northlake Condominium Community.  (SOF ¶ 4).  In 2013, Plaintiff requested that Defendant accommodate his disability by exempting his support animal from the no-pet rule.  (Id.).  Plaintiff submitted documentation from a treating physician stating that Plaintiff suffered from a mood disorder and that an emotional support animal would likely alleviate his symptoms.  (Id.).  Defendant requested additional documentation.  (Id. ¶ 5).

Plaintiff provided Defendant with an additional letter from Dr. Seth Leventhal.  (DE 21-1 ¶ 5).  The letter, dated December 10, 2013, stated in its entirety as follows:

> Please be advised that [Plaintiff], a patient of mine, is currently suffering from a psychiatric condition which results in significant functional impairment.  It is felt that the provision of a service dog for [Plaintiff] would afford him a degree of symptom relief at this time.  Please feel free to contact me should you have any questions on this matter.

(DE 21-1 at 3).  On February 14, 2014, Defendant responded to Plaintiff's request by stating that Plaintiff had not provided "information necessary to meet the requirements of the Fair Housing Act."  (DE 21-2 at 1).  Defendant's letter demanded that Plaintiff remove his animal or face potential legal consequences.  (Id.).  However, the letter concluded by noting that Defendant would consider any new documentation that complied with its initial request for additional documentation.  (Id. at 2).  Plaintiff initiated this proceeding on June 30, 2014.  (DE 1; DE 21-1 ¶ 7).

Thereafter, Plaintiff submitted a letter from another treating physician.² (DE 21-1 ¶ 8). In a October 15, 2014 letter, Dr. Silvi Jantunen stated that Plaintiff has "a number of serious medical and psychological issues, which substantially limits a number of his major life functions," and that Plaintiff suffered from anxiety disorder, which is a recognized mental health disability. (DE 21-1 at 4). The letter concluded by noting Dr. Jantunen's determination that Plaintiff "would benefit from the companionship of an emotional service/support animal during his daily living activities by ameliorating his disability." (Id.).

Prior to this litigation, Plaintiff's counsel and Defendant's counsel exchanged several letters that find themselves in the record. (DE 21-3 to -6). A letter from Defendant's counsel sets out Defendant's basis for denying Plaintiff's repeated accommodation requests:

> As we advised in our previous letter to [Plaintiff], a person requesting an accommodation must show that he or she is disabled, which major life activities are substantially impaired by that disability, and must show the nexus between the requested accommodation and the impairment. To date, [Plaintiff] has not submitted legally sufficient information supporting the need for the dog, or proven that he is handicapped (as defined under the Fair Housing Acts).

(DE 21-4 at 1).

Plaintiff moves for partial summary judgment. (DE 21). He argues that the record contains evidence demonstrating that, as a matter of law, his request for a service animal was necessary to accommodate an FHA qualifying disability, thus entitling him to immediate injunctive relief. (Id. at 5-8).

---

² The Court notes that Defendant objects to the consideration of materials created after Plaintiff initiated this lawsuit. (DE 31 at 13). Because the Court concludes that Plaintiff has not met his summary judgment burden no matter what materials are considered, this objection is immaterial.

3

## II. Discussion

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It must do so by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If the movant bears the burden of persuasion at trial, "that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." Celotex, 477 U.S. at 331. Therefore, the movant must satisfy both the initial burden of production on the summary judgment motion, by showing that no genuine dispute exists as to any material fact, and the ultimate burden of persuasion on the claim, by showing that it would be entitled to a directed verdict at trial. See id. Any doubt regarding whether a trial is necessary must be resolved in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

To prevail on a claim of failure to accommodate under either the FHA or FFHA,[3] "a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the

---

[3] As the Eleventh Circuit has explained, the FFHA is "substantively identical" to the FHA, and the same analysis applies under each. Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009) (unpublished).

4

requested accommodation." United States v. Hialeah Hous. Auth., 418 F. App'x 872, 875 (11th Cir. 2011) (unpublished) (citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1219 (11th Cir.2008)). Whether a "requested accommodation is required by law is highly fact-specific, requiring case-by-case determination." Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002).

"[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. Defendants must instead have . . . the ability to conduct a meaningful review of the requested accommodation . . . ." Schwarz, 544 F.3d at 1219 (quoting Prindable v. Ass'n of Apt. Owners, 304 F. Supp. 2d 1245, 1258 (D. Haw. 2003)). "[I]f a landlord is skeptical of a tenant's alleged disability or the landlord's ability to provide an accommodation, it is incumbent upon the landlord to request documentation or open a dialogue." Hialeah Hous. Auth., 418 F. App'x at 875.

Under the FHA, an individual is disabled if he has (a) "a physical or mental impairment which substantially limits one or more of such person's major life activities," (b) "a record of such impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 3602(h). While the FHA does not define "major life activities," the term is defined in the Americans with Disabilities Act (ADA)[4] as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." McKay v. S. Seas E. Condo. Apts. Inc., No. 12-CV-68-FTM-29SPC, 2012 WL 2872856, at *3 (M.D. Fla. July 12, 2012) (citing 29 C.F.R. § 1630.2); see also 24 C.F.R. §

---

[4] Noting the similarity in statutory language and congressional intent, courts routinely borrow from cases applying the ADA when applying the FHA. See, e.g., Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1288 (11th Cir. 2014); Jeffrey O. v. City of Boca Raton, 511 F. Supp. 2d 1339, 1346 n.3 (S.D. Fla. 2007) (citing Bragdon v. Abbott, 524 U.S. 624, 631 (1998)).

100.201(b).  To "substantially limit" means to have a "long-term, permanent restriction."  Jeffrey O., 511 F. Supp. 2d at 1346.

The Court's inquiry begins and ends with the question of whether Plaintiff has shown that he is "disabled or handicapped within the meaning of the FHA," i.e., whether he has shown that he is substantially limited in one or more "major life activities."  Notably absent from Plaintiff's statement of facts and supporting exhibits is any indication of which major life activity his mental impairment substantially limits.  Dr. Leventhal's letter, which Defendant received prior to this lawsuit, does not discuss the effect of Plaintiff's "significant functional impairment" on his various major life activities.  (DE 21-1 at 3).  Dr. Jantunen's letter, which Defendant received after this lawsuit,[5] parrots the FHA's definition of disability but does not elaborate on which major life activities are substantially limited.  (DE 21-1 at 4).  (Nor does Plaintiff's affidavit identify which major life activities he is unable to perform without an emotional support animal.)  (DE 21-1 at 1-2).  In requesting additional documentation, Defendant specifically requested that Plaintiff "show . . . which major life activities are substantially impaired by this disability."  (DE 21-4 at 1).

Plaintiff has not demonstrated that he provided Defendant with information necessary to "verify that [he] meets the [FHA's] definition of a disability (i.e., has a physical or mental impairment that substantially limits one or more major life activities)."  (DE 21 at 6) (emphasis added).  Without an identified major life activity, the Court is likewise unable to determine

---

[5] As recognized by one district court, "in deciding if the plaintiff is disabled, the only relevant time period is when the alleged discrimination occurred, that is, . . . when the [defendant] denied his request to allow [a service animal] in his unit."  Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc., No. 07-CV-97/RV/EMT, 2009 WL 691378, at *4 n.5 (N.D. Fla. Mar. 12, 2009) aff'd 347 F. App'x 464 (11th Cir.).

whether Plaintiff meets the FHA's definition of disability.  See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1287-88 (11th Cir. 2014) (holding that plaintiff adduced sufficient evidence of FHA disability where letter from physician stated plaintiff's condition "limits his ability to work directly with other people, a major life activity"); Jeffrey O., 511 F. Supp. 2d at 1334 (to establish an FHA disability, "a plaintiff must identify the life activity that is impaired and demonstrate that it is a 'major life activity'") (quoting Roig v. Miami Fed. Credit Un., 353 F. Supp. 2d 1213, 1216 (S.D. Fla. 2005) (ADA)); see also Rossbach v. City of Miami, 371 F.3d 1354, 1357 (11th Cir. 2004) (to find ADA disability, "the court must identify the life activity that the plaintiff claims has been limited and determine whether it is a major life activity"); Chanda v. Engelhard/ICC, 234 F.3d 1219, 1222 (11th Cir. 2000) (same).

For the foregoing reasons, Plaintiff's motion for summary judgment must be denied.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (DE 21) is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2015.

_____
KENNETH A. MARRA
United States District Judge